IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BARBARA HEWITT,                )
                               )
         Plaintiff,            )
                               )
v.                             )
                               )   Case No. 19-02012-CM-KGG
ALLIED BUSINESS SOLUTIONS, LLC,)
et al.,                        )
                               )
         Defendant.            )
                               )

## MEMORANDUM AND ORDER

Plaintiff Barbara Hewitt moves to strike defendants' affirmative defenses, to dismiss defendants Larry Alsup, Allied Business Solutions, LLC, and Allied Business Solutions Inc.'s ("ABS") counterclaims, and in the alternative for a more definite statement. (Doc. 9.)

**I.    FACTUAL BACKGROUND**

Plaintiff formerly worked for defendants. Defendants ABS are two businesses that assist companies with various telecom needs, and the president of those businesses. Plaintiff filed suit against defendants for various employment-related claims including failure to pay wages, breach of contract, and fraud. Defendants answered the complaint, generally raised several affirmative defenses without pleading additional facts, and brought counterclaims for breach of contract, misappropriation of trade secrets, and breach of the duty of loyalty.

As relevant to the present motion, the parties submit multiple employment contracts, dispute plaintiff's former employment status, and dispute which agreement is the operative employment contract. Plaintiff now moves to strike defendants' generally-pleaded affirmative defenses as inadequately pleaded under the *Iqbal/Twombly* framework; to dismiss defendants' counterclaims as

-1-

inadequately pleaded under their relevant theories; and in the alternative for a more definite statement to require defendants to more clearly define their claims for breach of contract and misappropriation of trade secrets.

## II. LEGAL STANDARDS

### A. 12(b)(6)

On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court assumes true all well-pleaded facts in the complaint, disregards all legal conclusions worded as factual allegations, and grants the non-moving party all reasonable inferences from the pleadings. *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1228 (10th Cir. 2012). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," not merely possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Co. v. Twombly*, 550 U.S. 544, 570 (2007)) (quotation marks omitted); *see Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### B. 12(e)

The court will grant a motion under Federal Rule of Civil Procedure 12(f) only if a pleading "is so vague or ambiguous that the [moving] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Rule 12(e) motions "are disfavored in light of the liberal discovery provided under the federal rules[,]" and are granted only when "the claims alleged are [insufficient] to enable a responsive pleading in the form of a denial or admission." *Peterson v. Brownlee*, 314 F. Supp. 2d 1150, 1155–56 (D. Kan. 2004) (citations omitted).

### C. 12(f)

Federal Rule of Civil Procedure 12(f) allows the court to strike from a pleading "any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). The court has discretion to strike

an "insufficient defense" from a pleading when no circumstances exist under which that defense can succeed as a matter of law. *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008); *Resolution Trust Corp. v. Tri-State Realty Inv'rs of K.C., Inc.*, 838 F. Supp. 1448, 1450 (D. Kan. 1993). Motions to strike are disfavored and the striking of an affirmative defense is a "drastic remedy." *Wilhelm*, 2008 WL 474265, at *2.

### III. DISCUSSION

The court will first address plaintiff's motion to strike before turning to her motion to dismiss and her alternative motion for a more definite statement.

#### A. Motion to Strike

Plaintiff moves to strike defendants' affirmative defenses because they have been raised as a general list of defenses without sufficient factual allegations to conform to the *Iqbal/Twombly* plausibility standard.

There is disagreement over whether an affirmative defense must conform to the *Iqbal/Twombly* plausibility standard for claims governed by Rule 8(a)(2). *Compare Falley v. Friends Univ.*, 787 F. Supp. 2d 1255, 1258–59 (D. Kan. 2011) (Murguia, J.) (concluding that *Iqbal/Twombly* requirements do not apply to affirmative defenses in Rule 8(c)), *with Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649–50 (D. Kan. 2009) (concluding opposite). In *Falley*, the court recognized requirements of Rule 8(c) as "markedly less demanding than that of 8(a), where a pleading must *show* an entitlement to relief . . . . The court cannot overlook that difference and require a factual showing where the rules do not require such showing." 787 F. Supp. 2d at 1258 (distinguishing Rule 8(c)'s requirement to "affirmatively state" defenses) (emphasis original). For the same reasons the court declined to import the *Iqbal/Twombly* standards in *Falley*, the court again declines to do so now, and the court denies plaintiff's motion to strike.

### B. Motion to Dismiss

Plaintiff moves to dismiss defendants' counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff argues that defendants' breach of contract claim has insufficiently pleaded the existence of an operative contract, that their trade secret claim does not distinguish between trade secrets and unprotected confidential information, and that their duty of loyalty claim arises from and is precluded by their contract claim. The court turns to each of these three arguments in order.

#### 1. Breach of Contract

Plaintiff argues that defendants' counterclaim fails to adequately identify the contract allegedly breached, the nature of the alleged breach, and the existence of damages. Defendants argue that plaintiff's disputes are generally based on the sufficiency of evidence, rather than the plausibility of the claims, and should be resolved through discovery or on summary judgment rather than on motion to dismiss.

In Kansas, a claim for breach of contract requires: "(1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach." *Stechschulte v. Jennings*, 298 P.3d 1083, 1098 (Kan. 2013) (citations omitted).

First, defendants' counterclaim alleges an operative employment agreement (Doc. 6-1, at 15–20), later modified by a second agreement (*Id.* at 21–25). The first attached agreement is signed by the parties, while the signature lines for the second agreement are blank. Plaintiff argues that because the second agreement is unsigned, no contract exists. Defendants argue that there was a signed agreement which is now missing from their records and suggest that it was removed by plaintiff or someone

acting on her behalf. Whether defendants can meet their evidentiary burden at trial to show that the second agreement was actually in effect, defendants have plausibly alleged the existence of both agreements. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511 (2002) ("The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims").

Second, as to the sufficiency of defendants' breach and damage allegations, plaintiff argues that defendants needed to allege the termination of the agreement, the persons or entities to whom plaintiff improperly disclosed information, and how that protected information is allegedly being used by plaintiff. Defendants' counterclaims allege that plaintiff breached her purported employment agreement "by retaining ABS's confidential information . . . by disclosing and using [that] confidential information[,] and by competing for and soliciting ABS's customers[.]" (Doc. 6-1, at 10.) The agreements attached to and referred to in defendants' counterclaims describe in detail the type of information which is alleged to be confidential and the types of client contact that plaintiff may not pursue. (*Id.* at 16–17 (first agreement), 23–24 (second agreement).) Accordingly, defendants have plausibly alleged a breach of the employment agreement.

Finally, plaintiff argues that defendants' damages allegations are insufficient for failure to allege which customers were allegedly solicited, when, and where. Defendants' counterclaims allege that plaintiff solicited defendants' customers, and both disclosed and used defendants' protected information "on behalf of herself and/or another company." (Doc. 6-1, at 10.) While defendants do not allege particular clients lost in their allegation of "harm," defendants' counterclaims plausibly allege harm relating to lost business through solicitation of clients and the use of protected information. (*See id.*) As with plaintiff's arguments on the existence of the amended agreement, the ultimate

sufficiency of defendants' evidence is not for resolution on a motion to dismiss.[1]  Because the court concludes that defendants' counterclaim plausibly alleges a claim for breach of contract, the court does not dismiss defendants' counterclaim.

### 2. Misappropriation of Trade Secrets

Plaintiff argues defendants' description of "trade secrets and confidential information" cannot sufficiently describe "trade secrets," and that defendants' damages allegations do not sufficiently specify how plaintiff is using defendants' trade secrets.

The Kansas Uniform Trade Secret Act (KUTSA) defines a trade secret as "information, including a formula, pattern, compilation, program, device, method, technique, or process," that derives independent economic value from its secrecy, and is subject to reasonable efforts to maintain that secrecy.  Kan. Stat. Ann. § 60-3320.  A party alleging a KUTSA violation must "come forward with some showing that the information alleged to be a trade secret meets the definition."  *Servi-Tech, Inc. v. Burmeister*, No. 16-1130-EFM-GLR, 2016 WL 5944502, at *5 (D. Kan. Oct. 13, 2016).  A party need not allege a trade secret in detail, but must plead sufficiently to separate the trade secret from the general skill and knowledge of others.  *Id.*  The ultimate sufficiency of a party's factual showing of a trade secret is not properly addressed on a motion to dismiss.  *See Nuterra Capital Advisors, LLC v. Leiker*, No. 17-2501-DDC-JPO, 2018 WL 1316940, at *5 (D. Kan. Mar. 14, 2018).

Here, the allegedly misappropriated information includes auditing techniques, marketing programs, pricing information, and technical data.  (Doc. 6-1, at 11.)  Defendants allege this information is secret and valuable because of its secrecy, and their agreements plausibly allege reasonable efforts to maintain that secrecy.  Accordingly, defendants have plausibly alleged the

---

[1] Plaintiff has not challenged the elements of consideration and performance or willingness, but the court finds that these are similarly plausibly alleged.  (*See* Doc. 6-1, at 8–9 (discussing terms of relationship).)  Regardless of which agreement is operative, both attached agreements provide compensation structures in exchange for services, restrict plaintiff's use of defendants' confidential information, and restrict plaintiff's ability to contact defendants' clients.

existence of trade secrets, even though alleged as "trade secrets and confidential information," and the sufficiency of their facts should be addressed at a later stage. *See Nuterra*, 2018 WL 1316940, at *5 (allegation of confidential information "and" trade secrets not fatal to KUTSA claim on motion to dismiss).

### 3. Duty of Loyalty

Plaintiff argues that the breaches of loyalty alleged by defendants are the same as the breaches alleged in their contract claims, and that *Swimwear Solution, Inc. v. Orlando Bathing Suit, LLC* requires that the contract claims preclude the loyalty tort claims. 309 F. Supp. 3d 1022, 1032 (D. Kan. 2018). Defendants argue that *Universal Engraving, Inc. v. Duarte* supports that a claim for breach of the duty of loyalty may proceed independent of their contract claims so long as the alleged breach occurred during the employment relationship, even where both claims are based on identical duties. 519 F. Supp. 2d 1140, 1155 (D. Kan. 2007). Both alleged employment agreements contain competition restrictions and confidentiality clauses.

In Kansas, a party can bring a tort claim parallel to a breach of contract claim when the tort is independent of the bargained-for duties of the contract. *Swimwear Sol.*, 309 F. Supp. 3d at 1032. If the duties allegedly breached by the tort claim are specifically outlined in the contract, then the tort claim is part of the contractual relationship and may not be separately brought. *See M.F. v. ADT, Inc.*, 357 F. Supp. 3d 1116, 1136–37 (D. Kan. 2018) (stating the difference as "whether the contract calls for a specific result."). Kansas has permitted tort claims to be brought together with identical contract claims when the parties disputed the validity of any contractual relationship. *See Bittel v. Farm Credit Servs. of Cent. Kan.*, 962 P.2d 491, 498 (Kan. 1998).

The parties are mistaken about the reasoning behind their cited authority. Kansas does not prohibit all tort claims which are arguably also governed by a contract, and *Universal Engraving* does

not stand for the proposition that a duty of loyalty tort may always be brought separately so long as the breach allegedly occurred during employment. This is shown by the Supreme Court of Kansas's own approach to its cases.

In *Bittel*, the Supreme Court of Kansas distinguished its prior holding in *Beeson v. Erickson*, 917 P.2d 901 (Kan. 1996), stating that "when the same conduct could satisfy the elements of both a breach of contract or of an independent tort, unless the conduct is permitted by the express provisions of a contract, a plaintiff may pursue both remedies." 962 P.2d 491, 498 (citing *Gerhardt v. Harris*, 934 P.2d 976, 984 (Kan. 1997)). In *Beeson*, the court highlighted the reasoning behind its preclusion doctrine as based on the fundamental nature of tort and contract claims: tort claims arise when a party violates a duty imposed by law, while contract claims arise when a party violates a duty imposed by agreement. 917 P.2d at 908.

Turning to the parties' cited authority: the reason that *Universal Engraving* considered the plaintiff's duty of loyalty claims is because the facts showed at least one independent violation of a duty imposed by the law of agency. 519 F. Supp. 2d at 1155 ("[A]n agent who competes with his principal during the agency violates his fiduciary duties."). The reason that *Swimwear Solution* did not allow a duty of loyalty claim is because that claim was based on the confidentiality clause in a contract arising out of a prospective business purchase, not on agency law and an employment relationship. *See* 309 F. Supp. 3d at 1028–30. The court, rejecting the separate tort claim, discussed that plaintiffs had not presented sufficient allegations for an implied-in-fact fiduciary relationship separate from their non-employment and non-agency written agreement. *Id.* at 1032–33.

Here, defendants' counterclaims allege plaintiff "owed a duty . . . not to compete with [ABS] or usurp its business opportunities *during* her contract . . . [and not to] tak[e] or us[e] ABS's trade secrets and confidential information to compete with ABS after the termination of her contract." (Doc. 6-1, at

13 (emphasis added).) Defendants allege this duty was breached "by disclosing information and working with a competitor of ABS to acquire contacts of a similar nature as those with ABS." (*Id.*) Both parties allege that an employment relationship existed, and regardless of their dispute over the operative agreement, both agreements indicate a reciprocal intent and consent for plaintiff to act on behalf of ABS in some capacity. The court is persuaded that the parties' agreements and allegations plausibly allege a principal-agent relationship based on an employment contract.[2]

To the extent defendants' claims are limited to plaintiff's duty not to compete or usurp business opportunities during plaintiff's employment, these claims plausibly allege a violation of the duty of loyalty imposed by agency law. *See B & K Mech., Inc. v. Wiese*, No. 03-4149-RDR, 2007 WL 869631, at *5–7 (D. Kan. Mar. 22, 2007) (distinguishing permissible preparation to compete from impermissible competition during employment); *Maximus, Inc. v. Thompson*, 78 F. Supp. 2d 1190–91 (D. Kan. 1999) (citing Restatement (Second) of Agency § 393 (1958)). Defendants' counterclaims, to the extent they involve either the confidentiality and trade secret requirements of the parties' employment agreement, or plaintiff's post-termination conduct, are precluded as relying upon the contract rather than an independent legal duty.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), because defendants' counterclaims are partially precluded, the court dismisses in part defendants' counterclaims as alleged in Paragraphs 102 and 103 where specifically applicable to either plaintiff's post-termination conduct or to plaintiff's pre-termination conduct covered by the confidentiality provisions of the contract. (Doc. 6-1, at 13.) The court leaves undisturbed defendants' counterclaims for breach of loyalty as applicable to plaintiff's pre-termination conduct and outside the confidentiality obligations of the contract.

---

[2] The conclusion that defendants have plausibly alleged an agency relationship to support their counterclaim has no effect on the parties' misclassification dispute. *See Home Design, Inc. v. Kan. Dep't of Human Res.*, 2 P.3d 789, 794–95 (Kan. Ct. App. 2000) ("[T]he existence of an agency relationship itself adds very little, if anything, to the traditional test [for employee status].").

### C. Motion for a More Definite Statement

Plaintiff alternatively moves for a more definite statement for the same factual sufficiency reasons that she has moved to dismiss. For the reasons discussed in the court's Rule 12(b)(6) analysis, where plaintiff presented detailed argument and challenges to the sufficiency of defendants' allegations, the court is not persuaded that defendants' counterclaims are "so vague and ambiguous" that plaintiff "cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Plaintiff's challenges are to the factual sufficiency of defendants' submissions on summary judgment or at trial, not to whether defendants' filings enable plaintiff to mount a response. Plaintiff's motion for a more definite statement is denied.

**IT IS THEREFORE ORDERED** that plaintiff's motion to strike defendants' affirmative defenses and to dismiss defendants' counterclaims, or in the alternative for a more definite statement (Doc. 9), is granted in part and denied in part. The court grants plaintiff's motion to dismiss defendants' counterclaim for breach of the duty of loyalty where specifically applicable to either plaintiff's post-termination conduct or to plaintiff's pre-termination conduct covered by the confidentiality provisions of the contract, and the court denies plaintiff's motion to dismiss defendants' counterclaim where applicable to plaintiff's pre-termination conduct and outside the confidentiality obligations of the contract. The court denies plaintiff's motion in all other respects.

Dated this 13th day of August, 2019, at Kansas City, Kansas.

s/ Carlos Murguia  
**CARLOS MURGUIA**  
**United States District Judge**